UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00107-FDW-DCK

| | | |
|---|---|---|
| TRADESTATION SECURITIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| WILLIAM HALE BARCLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIS MATTER is before the Court on Plaintiff, TradeStation Securities, Inc.'s and Defendants, Jesse J. Capone's and Anne M. Capone's Stipulation of Dismissal with Prejudice and Motion for Release of Bond (Doc. No. 42).

Although the parties request the Court "approve" the Stipulation of Dismissal, approval is not appropriate here. The parties expressly filed their Stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which allows a dismissal "without a court order" upon the filing of "a stipulation of dismissal signed by all parties who have appeared." Thus, since the Stipulation of Dismissal does not require a Court order to be effective, the Court need not "rule" or issue any order on the dismissal aspect. Indeed, the Court no longer has jurisdiction to dismiss the case. See In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005)[1] (noting that "after an action is voluntarily dismissed, the court lacks authority to conduct further proceedings on the merits") (citations omitted); see also Jones, Blechman, Woltz & Kelly, PC v. Babakaeva, 375 F. App'x 349, 350 (4th Cir. 2010) ("[T]he voluntary dismissal became effective upon filing of the

---

[1] Other than the time at which a voluntary dismissal is filed, the Court sees little distinction between the voluntary dismissal filed in In Re Matthews pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), and the stipulation of dismissal in the instant case filed pursuant to Rule 41(a)(1)(ii).

notice with the clerk of the district court. At that point, the action terminated, and the district court was divested of jurisdiction.") (citations omitted).

The Court may, however, retain jurisdiction over issues that do not involve "a judgment on the merits of an action, . . . such as awards of costs, attorney's fees, or sanctions." See In re Matthews, 395 F.3d at 481 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); other citations omitted). As part of the Stipulation of Dismissal in the case at bar, the parties simultaneously and jointly moved the Court to authorize the Clerk of Court to release the bond in the amount of $6,415.85 to Plaintiff TradeStation Securities, Inc. The uncontested release of a bond does not go "to the heart of the merits" of this action. In Re Matthews, 395 F.3d at 481. The Fourth Circuit has explained that a voluntary dismissal "operates to leave the parties as if no action had been brought at all, and nullifies all proceedings relating to the merits of the case . . . ." In re Matthews, 395 F.3d at 483 (citations and quotations omitted). Accordingly, the Fourth Circuit further reasoned that upon such dismissal, "a return to the *status quo ante* is appropriate." Id. Having found this Court possesses jurisdiction to rule on the parties' joint request to release the bond and in furtherance of the principles from In Re Matthews, the Court hereby GRANTS that portion of the parties' filing.

IT IS THEREFORE ORDERED that the Clerk of Court is authorized to release the bond in the amount of $6,415.85 to TradeStation Securities, Inc.

IT IS SO ORDERED.

Signed: May 15, 2014

Frank D. Whitney
Chief United States District Judge